Ruben O. GIERBOLINI ROSA, et al., Plaintiffs,

v.

BANCO POPULAR DE PUERTO RICO, Defendant.

Civil No. 93–2102 (JAF).

United States District Court, D. Puerto Rico.

March 25, 1997.

Benny Frankie Cerezo, San Juan, PR, for Plaintiffs.

Ricardo L. Ortiz–Colon, Fiddler Gonzales & Rodriguez, San Juan, PR, for Defendant.

### *MEMORANDUM*

FUSTE, District Judge.

On June 28, 1996, this court entered judgment granting defendant's motion for summary judgment and dismissing the plaintiffs' claim. Plaintiffs filed a notice of appeal before the U.S. Court of Appeals for the First Circuit, and the appellate court advised that jurisdiction was lacking, since there is still a counterclaim pending before this court. Plaintiffs moved for certification of the judgment under Fed.R.Civ.P. 54(b), and this court granted the requested relief on December 30, 1996.

On January 8, 1997, counsel for the defendant filed a motion complaining that he had never received a copy of plaintiffs' request for Rule 54(b) certification, charging counsel for plaintiffs with purposely violating the service requirements of Fed.R.Civ.P. 5. On the basis of his own investigation and without contacting opposing counsel, defendant's attorney inculpated his opponent of making false representations in the proof of service forming part of the Rule 54(b) motion.

On January 21, 1997, this court entered an order directed to counsel for defendant, requesting that the evidence of intentional conduct at the time the false representation imputation was made be filed. Otherwise, we suggested that a written apology to plaintiffs' counsel was in order. At that time, we considered that there were other possible explanations for not having received copy of the original motion, including excusable neglect or postal misplacement, common events .experienced by the court in the notification of its own documents. We found it harsh to charge an opponent with false representations without first having contacted said party to inquire on a matter which defendant's counsel admits was of no major consequence, inasmuch as the Rule 54(b) certification is convenient for both sides.

■ Having examined this record, the court emphasizes that civility in litigation is a value that must be protected and this court will not tolerate rushing imputations of this nature. Members of the bar must treat each other, as well as parties and witnesses, in a civil, respectful, and courteous manner. This obligation applies not only in court, but also in all other written and oral communication. Disparaging personal remarks or acrimony towards other counsel, parties or witnesses serves no purpose. A situation like the one depicted here—where a party did not receive copy of a document, requires an assessment of the gain, if any, resulting to the suspected offender. If there is little or no benefit, the probability is that the failure to notify was inadvertent. The damage, if any, must be assessed before hastily imputing intentional conduct. This also requires keeping the communication channels open. A telephone call could have brought about some explanation and a copy of the document. If some injury was caused, the court could have been advised and the requested relief could have been adapted to fit the case without imputing false representation.

■ Absent extraordinary cause, it is not proper to attribute bad motives or improper conduct to other counsel and indirectly bring the profession into disrepute by exaggerated accusations of impropriety. Court sanctions should never be sought without first conducting a reasonable investigation and unless fully justified by the circumstances and the need to protect the client's lawful interest.

While it is most important that counsel always be zealous in ensuring that copies of documents are properly served, counsel must also be zealous in avoiding hasty accusations which serve no purpose.

Please be guided accordingly.